IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>MANUEL LOPEZ-IBARRA,<br><br>    Defendant. | NO.   CR 08-00053-TUC-FRZ(BPV)<br><br>**REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO SUPPRESS** |

On January 9, 2008, Defendant Manuel Lopez-Ibarra was indicted for possession with intent to distribute 153 kilograms of marijuana (Docket # 5).  On March 2, 2008, Defendant filed a Motion to Suppress physical evidence (Docket # 8).  The Government filed its Response on March 13, 2008 (Docket # 11) and a Supplement to Response on March 20, 2008 (Docket # 12).  On April 20, 2008, Defendant filed his Reply (Docket # 13).

The matter came on for Evidentiary Hearing before the Court on April 29, 2008.  The Government called as a witness U.S. Border Patrol Agent Jose Peralta.  The Defendant called no witnesses.

The Court, having considered the briefing, arguments, and evidence presented, recommends that the District Judge, after his independent review and consideration, enter an order **DENYING** Defendant's Motion to Suppress physical evidence.

## **FACTS**

On December 10, 2007, at 8:00 p.m., Border Patrol Agent Jose Peralta was on roving patrol on Interstate 19.  At the time in question, Agent Peralta was stationed near Kilometer

1  Post 42 of I-19.  His car was parked perpendicular to the freeway, with his lights on.  The
2  checkpoint was not operational because of safety concerns involving rain.  Agent Peralta
3  observed a green Oldsmobile sedan traveling northbound. The vehicle appeared to have only
4  one occupant, had foggy windows, and was riding low in the rear.  It is Agent Peralta's belief
5  that foggy windows are often caused by the heavy breathing of more than one occupant.
6  Because of the manner in which the vehicle was weighted down, he felt that people were
7  hiding from his sight.  He made the decision to follow the vehicle and caught up with it at
8  Kilometer Post 58.  At that point, he observed that there was an SUV which appeared to be
9  traveling in tandem with the Oldsmobile, *i.e.* they were traveling the same speed, they were
10  close to each other, and changed lanes in tandem.

11  Eventually, Agent Peralta maneuvered his vehicle between the two cars. He activated
12  his emergency lights.  At that point, the SUV dropped out of sight.  He radioed for back-up
13  to perhaps pursue the SUV, but that did not occur.  When the Defendant did not stop,
14  authority was obtained to place spike strips at Kilometer Post 65.  The Defendant avoided
15  those strips and kept traveling northbound. The spike strips were relocated at Kilometer Post
16  80, where the Oldsmobile's tires were punctured.  The vehicle proceeded to travel
17  northbound, eventually traveling on the rims.  When the car finally came to a stop, the
18  Defendant was arrested and approximately 153 kilograms of marijuana were found.

19  **DISCUSSION**

20  The Defendant contends there was no sound suspicion to stop the vehicle when the
21  officer activated his emergency lights.  The Defendant wants the Court to ignore the
22  Defendant's subsequent flight and evasive behavior.  The Government has provided the
23  Court with U.S. v. Garcia, 516 F2d 318 (9th Cir. 1975), which suggests that the Defendant's
24  position is not well-taken.

25  In Garcia, the Defendant failed to stop at a border checkpoint, then sped off when
26  border agents pursued. Id. at 319.  The agents eventually stopped him, searched the vehicle,
27  and found marijuana.  Id.  The Ninth Circuit assumed the stop at the checkpoint was illegal,
28  but held the search was permissible because the officers did not exploit the illegality,

1  distinguishing Garcia from a situation in which law enforcement activity might be designed
2  to lure suspected criminals into flight from law enforcement officers, which the Ninth Circuit
3  opined would be likely to prove tainted. Id. Instead, in Garcia, the Defendant voluntarily
4  fled, giving officers probable cause for the search. The Ninth Circuit distinguished the two
5  situations, stating that "where the illegal conduct of the police is only a necessary condition
6  leading up to the suspect's act, no taint attaches to his conduct; a "but-for" connection alone
7  is insufficient." Id. (Citations omitted.)
8      The Court finds that Garcia controls and that, in this case, there is no evidence in the
9  record that the agent's activity was designed to lure the Defendant into flight from law.
10 Thus, assuming *arguendo* the illegality of the initial stop, Defendant's independent and
11 voluntary actions subsequent to Agent Peralta's attempts to stop Defendant are sufficient,
12 under Garcia, to purge any taint arising from an allegedly illegal stop.

### **CONCLUSION**

14    It is the recommendation of this Court that the District Judge, after his independent
15 review and consideration, enter an Order **DENYING** Defendant's Motion to Suppress
16 (Docket # 8).
17    Pursuant to 28 U.S.C. §636(b)(1)(B), the parties have ten (10) days from the date of
18 this Report and Recommendation to file written objections to these findings and
19 recommendations with the District Court. Any objections filed should be filed as CR 08-
20 00053-TUC-FRZ.
21    DATED this 1st day of May, 2008.

_____
Bernardo P. Velasco
United States Magistrate Judge